IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

FREDERICK CHARLES MILLER          §
                                  §
            Petitioner,           §
                                  §
VS.                               §          NO. 3-06-CV-2220-B
                                  §
DAVID BERKEBILE, Warden           §
FCI Seagoville                    §
                                  §
            Respondent.           §

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Frederick Charles Miller, appearing *pro se*, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  For the reasons stated herein, the application should

be dismissed for lack of subject matter jurisdiction.

I.

Petitioner pled guilty to one count of conducting a monetary transaction with criminally

derived funds in violation of 18 U.S.C. § 1957 and one count of tax evasion in violation of

26 U.S.C. § 7201.  The district court sentenced petitioner to 96 months confinement, followed by

supervised release for a period of three years, and ordered him to return approximately $1.4 million

to his former employer and the IRS.  Petitioner appealed his conviction, sentence, and the restitution

order. The Fifth Circuit affirmed.  *United States v. Miller*, 406 F.3d 323 (5th Cir.), *cert. denied*, 126

S.Ct. 207 (2005). Petitioner also filed a motion to correct, vacate, or set aside his sentence under 28

U.S.C. § 2255.  That motion was denied on the merits.  *United States v. Miller*, No. 4-06-CV-0324-

A, 2006 WL 1932712 (N.D. Tex. Jul. 10, 2006), *appeal filed*, No. 06-10941 (Aug. 28, 2006).

Petitioner now seeks relief pursuant to 28 U.S.C. § 2241.

II.

Petitioner raises numerous challenges to his restitution order under the guise of ineffective assistance of counsel.  Succinctly stated, petitioner complains that his attorney:  (1) did not object that restitution is not authorized under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A; (2) failed to effectively argue that the amount of restitution should be reduced by the value of property returned to the victims; (3) did not ask the court to modify the restitution order based on his inability to pay interest; and (4) failed to object to various restitution-related findings in the presentence report.

A.

As a preliminary matter, the court must determine whether these claims are properly raised in a section 2241 habeas petition.  A collateral attack on a federal criminal conviction is generally limited to a motion to correct, vacate or set aside a sentence under 28 U.S.C. § 2255.  *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). An application for writ of habeas corpus brought under 28 U.S.C. § 2241 is properly construed as a section 2255 motion if it seeks relief based on errors that occurred at trial or sentencing.  *Id.* at 877-88.  However, habeas relief may be appropriate when the remedy provided under section 2255 is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830-31 (5th Cir.), *cert. denied*, 122 S.Ct. 476 (2001).  A petitioner must satisfy two factors to show inadequacy.  First the claim must be "based on a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of a nonexistent offense."  *Id.* at 830, *quoting Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001).  Second, the claim must have been "foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion."  *Id.*

B.

Petitioner argues that section 2255 is an inadequate or ineffective remedy because a restitution order cannot be challenged in such a proceeding.  Indeed, the Fifth Circuit has held that "[a] monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes."  *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994) (citing cases).  The same is true with respect to ineffective assistance of counsel claims that do not implicate the determination of guilt or the imposition of a prison sentence.  As the *Segler* court observed:

> [W]hen a prisoner asserts an ineffective assistance of counsel claim under § 2255, he must satisfy *Strickland's* prejudice requirement by showing harm that relates to his custody.  That is, if counsel's constitutionally insufficient assistance affected the trial court's guilt determination or the sentencer's imposition of a prison term, a prisoner's ineffective assistance of counsel claim falls within the scope of § 2255; if, as here, it relates only to the imposition of a fine, his claim falls outside § 2255.

*Id.*

Even if petitioner cannot raise his ineffective assistance of counsel claim in a section 2255 proceeding, the same "in custody" requirement also applies to section 2241 habeas cases.  *See* 28 U.S.C. § 2241(c).[1]  In *United States v. Hatten*, 167 F.3d 884 (5th Cir. 1999), the Fifth Circuit

---

[1]  This statute provides, in pertinent part:

> The writ of habeas corpus shall not extend to a prisoner unless--
>
> (1)      He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2)      He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3)      He is in custody in violation of the Constitution or laws or treaties of the United States[.]

28 U.S.C. § 2241(c).

determined that a district court lacks jurisdiction to modify a restitution order under 28 U.S.C. § 2255, a writ of coram nobis, or "any other federal law." *Id.* at 886-87 & n.6.  Instead, "restitution . . . is a sentencing issue that should be raised on direct appeal." *Id.* at 887 n.5; *see also United States v. Medlin*, 54 Fed.Appx. 592, 2002 WL 31730407 at *1 (5th Cir. Nov. 27, 2002); *Clay v. Scibana*, No. 04-C-631-C, 2004 WL 2780993 at *2 (W.D. Wis. Dec. 1, 2004).   Whether petitioner's ineffective assistance of counsel claim is brought under section 2255 or section 2241, the result is the same--the court lacks jurisdiction to consider any claim collaterally attacking the restitution order.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party may file written objections to the recommendation within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE